I. IS A BOARD MEMBER OF THE STATE AND EDUCATION AND EMPLOYEES GROUP INSURANCE BOARD WHO IS A RETIRANT UNDER THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM, REQUIRED TO MAKE CONTRIBUTIONS TO THE RETIREMENT SYSTEM PURSUANT TO 74 O.S. 914(4) (1991)?
II. SHOULD QUESTION I BE ANSWERED IN THE NEGATIVE, IS THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM REQUIRED TO ISSUE AN AMENDED OR REVISED INTERNAL REVENUE SERVICE FORM 1099 TO THE BOARD MEMBER FOR EACH YEAR IN WHICH HE MADE CONTRIBUTIONS TO THE RETIREMENT SYSTEM WHILE SERVING AS A BOARD MEMBER OF THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD AS A RETIRANT?
BECAUSE YOUR QUESTION REQUIRES A CONSIDERATION OF SPECIFIC FACTS AND MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES AND CASE LAW, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS NEITHER DESIRABLE OR NECESSARY. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
IN THE CIRCUMSTANCE ABOUT WHICH YOU INQUIRE, IT IS MY UNDERSTANDING THAT THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD ("SEEGIB") HAS BEEN DIRECTED BY THE OKLAHOMA PUBLIC EMPLOYEE RETIREMENT SYSTEM ("OPERS"), TO WITHHOLD AND FORWARD MONTHLY RETIREMENT CONTRIBUTIONS FROM THE STATUTORY COMPENSATION OF A CURRENTLY APPOINTED SEEGIB BOARD MEMBER WHO IS A RETIRED EMPLOYEE OF THE STATE OF OKLAHOMA. PURSUANT TO STATUTE, THE BOARD MEMBER RECEIVES COMPENSATION OF $500.00 PER MONTH FOR EACH MONTH THAT HE SERVES ON THE BOARD. OPERS RELIES UPON ITS INTERPRETATION OF 74 O.S. 914(4) (1991) AS A BASIS FOR REQUIRING SUCH MONTHLY CONTRIBUTIONS.
THE SEEGIB BOARD MEMBER AT ISSUE RETIRED FROM STATE SERVICE AND BEGAN RECEIVING FULL RETIREMENT BENEFITS FROM OPERS PRIOR TO HIS APPOINTMENT TO SEEGIB. SUBSEQUENT TO HIS RETIREMENT WITH THE STATE OF OKLAHOMA, THE BOARD MEMBER ENTERED THE PRIVATE PRACTICE OF LAW AND BEGAN CONTRIBUTING TO AN INDIVIDUAL RETIREMENT ACCOUNT ("IRA") WITH HIS EARNINGS. AS A RESULT OF OPERS' REQUIREMENT THAT HE MUST MAKE CONTRIBUTIONS INTO THAT SYSTEM PURSUANT TO 74 O.S. 914(4), THE INTERNAL REVENUE SERVICE ("IRS") IS CURRENTLY PROHIBITING THE BOARD MEMBER FROM CONTRIBUTING THE EARNINGS FROM HIS LAW PRACTICE INTO THE IRA BASED UPON THE FACT THAT THE BOARD MEMBER IS "CONTRIBUTING TO ANOTHER RETIREMENT SYSTEM. SEEGIB HAS REQUESTED THAT OPERS ISSUE THE BOARD MEMBER A REVISED OR AMENDED IRS FORM 1099 TO REFLECT THAT HE IS NOT REQUIRED TO CONTRIBUTE TO OPERS AS "ANOTHER RETIREMENT SYSTEM" PURSUANT TO 74 O.S. 914(4), BUT OPERS HAS WHOLLY REFUSED TO DO SO.
THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE ACT, 74 O.S. 1301 ET SEQ., PROVIDES FOR THE CREATION OF THE SEEGIB AND THE COMPOSITION OF ITS MEMBERS. SPECIFICALLY, 74 O.S. 1304(1) (1993) PROVIDES THAT THE SEEGIB SHALL CONSIST OF EIGHT (8) MEMBERS, INCLUDING:
 "THE STATE INSURANCE COMMISSIONER, OR HIS OR HER DESIGNEE WHO SHALL BE AN EMPLOYEE OF THE INSURANCE DEPARTMENT, THE DIRECTOR OF THE OFFICE OF STATE FINANCE, TWO MEMBERS APPOINTED BY THE GOVERNOR, TWO MEMBERS APPOINTED BY THE SPEAKER OF THE HOUSE OF REPRESENTATIVES, AND TWO MEMBERS APPOINTED BY THE PRESIDENT PRO TEMPORE OF THE SENATE."
TITLE 74 O.S. 1304(1) (1993) FURTHER PROVIDES:
 "THE APPOINTED MEMBERS SHALL EACH RECEIVE COMPENSATION OF FIVE HUNDRED DOLLARS ($500.00) PER MONTH. APPOINTED MEMBERS WHO FAIL TO ATTEND A REGULARLY SCHEDULED MONTHLY MEETING OF THE BOARD SHALL NOT RECEIVE THE RELATED COMPENSATION."
YOUR FIRST QUESTION ESSENTIALLY INQUIRES AS TO WHETHER THE OKLAHOMA LEGISLATURE INTENDED FOR RETIRANT OF THE STATE OF OKLAHOMA, WHO ARE APPOINTED TO SERVE AS MEMBERS ON THE SEEGIB BOARD, TO MAKE CONTRIBUTIONS TO OPERS PURSUANT TO 74 O.S. 914(4). IN ORDER TO PROPERLY ADDRESS THIS INQUIRY, IT WILL BE NECESSARY TO CONSTRUE 74 O.S. 914(4) IN LIGHT OF THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE ACT, THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT ACT AND THE APPLICABLE OKLAHOMA CASE LAW REGARDING THE EMPLOYMENT STATUS OF APPOINTED, COMPENSATED MEMBERS OF STATE BOARDS SUCH AS SEEGIB.
IN CONSTRUING A STATUTE, THE CARDINAL RULE IS TO ASCERTAIN THE INTENT OF THE LEGISLATURE BY CONSIDERING THE LANGUAGE OF THE STATUTE AS A WHOLE IN LIGHT OF ITS GENERAL PURPOSE AND OBJECTIVE. SEE, WOOD V. INDEPENDENT SCHOOL DISTRICT NO. 141 OF POTTAWATOMIE COUNTY, 661 P.2D 892 (OKLA.1983). STATUTES MUST BE CONSTRUED AS A CONSISTENT WHOLE IN HARMONY WITH COMMON SENSE AND REASON AND EVERY PORTION THEREOF SHOULD BE GIVEN EFFECT IF POSSIBLE. COWART V. PIPER AIRCRAFT CORP., 665 P.2D 315 (OKLA.1983).
GENERALLY, ADMINISTRATIVE AGENCIES CHARGED WITH THE DUTY OF ADMINISTERING AN ACT ARE IMPLIEDLY CLOTHED WITH THE POWER TO CONSTRUE THE ACTT. OKLAHOMA REAL ESTATE COMMISSION V. NATIONAL BUSINESS PROPERTY EXCHANGE INC., 238 F.2D 606, 610 (10TH CIR.1957). HOWEVER, THE OKLAHOMA SUPREME COURT HAS HELD THAT ADMINISTRATIVE AGENCIES MAY ONLY EXERCISE THOSE POWERS GRANTED BY THE LEGISLATURE IN THE STATUTES. NATADOR PIPELINE. INC. V. OKLAHOMA WATER RESOURCES BOARD, 742 P.2D 15 (OKLA.1987). ACCORDING TO THE OPERS STATUTES, THE OPERS BOARD OF TRUSTEES SHALL DISCHARGE THEIR DUTIES WITH RESPECT TO THE SYSTEM SOLELY IN THE INTEREST OF THE PARTICIPANTS . . . AND . . . IN ACCORDANCE WITH THE LAWS, DOCUMENTS AND INSTRUMENTS GOVERNING THE SYSTEM." 74 O.S. 909.1(A)(4) (1993). IF THE CONSTRUCTION OF A STATUTE BY AN ADMINISTRATIVE AGENCY IS NOT IN ACCORD WITH THE INTENT OF THE LEGISLATURE, THE AGENCY IS DETERMINATION MUST YIELD TO THE LEGISLATURE'S INTENT AS INTERPRETED FROM THE LAW. SEE, UNITED STATES V. MOSKOWITZ, 170 F.2D 870, 873 (5TH CIR.1948). IN TURN, AN ADMINISTRATIVE AGENCY HAS THE RIGHT TO CHANGE A PRIOR INTERPRETATION OF A REGULATION OR CORRECT AN ERRONEOUS CLASSIFICATION BASED ON ERROR, AND MAKE THE CHANGE RETROACTIVE. LETELLIER V. CLELAND, 437 F.SUPP. 936, 939,940 (S.D.IOWA 1977).
FOR PURPOSES OF SIMPLIFYING THIS LEGAL ANALYSIS, IT WILL BE NECESSARY TO EXAMINE THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM ACT, 74 O.S. 901 ET SEG, SPECIFICALLY SECTION 914(4) AND ITS PERTINENT PARTS AS IT APPLIES TO OPERS' RETIRANTS. A "RETIRANT" IS DEFINED BY THE OPERS STATUTES AS A MEMBER WHO HAS RETIRED UNDER THE SYSTEM. SEE 74 O.S. 902(28). SECTION 74 O.S. 914(4) OF TITLE 74 IS QUITE LENGTHY AND CONTAINS SEVERAL PROVISOS. THE PERTINENT PARTS OF THAT SUBSECTION PROVIDE: "IF A RETIRANT SHOULD BE ELECTED OR APPOINTED TO ANY POSITION OR OFFICE FOR WHICH COMPENSATION FOR SERVICE IS PAID FROM LEVIES OR TAXES IMPOSED BY THE STATE OR ANY POLITICAL SUBDIVISION THEREOF, THE RETIRANT SHALL NOT RECEIVE ANY RETIREMENT BENEFIT FOR ANY MONTH FOR WHICH THE RETIRANT SERVES IN SUCH POSITION OR OFFICE AFTER THE RETIRANT HAS RECEIVED COMPENSATION IN A SUM EQUAL TO THE AMOUNT ALLOWABLE AS WAGES OR EARNINGS BY THE SOCIAL SECURITY ADMINISTRATION IN ANY CALENDAR YEAR; PROVIDED, THIS SUBSECTION SHALL NOT APPLY TO SERVICE RENDERED BY A RETIRANT AS A JUROR, AS A WITNESS IN ANY LEGAL PROCEEDING OR ACTION, AS AN ELECTION BOARD JUDGE OR CLERK, OR IN ANY OTHER OFFICE OR POSITION OF A SIMILAR NATURE, OR TO AN EMPLOYER THAT IS NOT A PARTICIPATING EMPLOYER. PROVIDED, FURTHER, THAT ANY PARTICIPATING EMPLOYER WHO IS EMPLOYING SUCH A RETIRANT SHALL MAKE PROPER WRITTEN NOTIFICATION TO THE SYSTEM INFORMING IT OF THE BEGINNING DATE OF SUCH RETIRANT'S EMPLOYMENT AND THE DATE SUCH RETIRANT REACHES THE MAXIMUM COMPENSATION ALLOWED BY THIS SECTION IN THE CALENDAR YEAR; AND PROVIDED, ALSO, THAT ANY RETIRANT RETURNING TO WORK FOR A PARTICIPATING EMPLOYER SHALL MAKE CONTRIBUTIONS TO THE SYSTEM AND THE EMPLOYER SHALL DO LIKEWISE."
SEE 74 O.S. 914(4) (1991).
TO BEGIN OUR EXAMINATION OF 74 O.S. 914(4), WE MUST REVIEW THE FIRST PART OF THE FIRST SENTENCE OF SECTION 914(4). WHILE WE KNOW THAT SEEGIB BOARD MEMBERS ARE APPOINTED TO THEIR POSITIONS PURSUANT TO 74 O.S. 1304(1), IT CANNOT BE STATED THAT THEIR COMPENSATION IS "PAID FROM LEVIES OR TAXES IMPOSED BY THE STATE OR ANY POLITICAL SUBDIVISION THEREOF. . . ." AS REQUIRED BY SECTION 914(4). INSTEAD, SEEGIB IS ESSENTIALLY A SELF-SUSTAINING MEMBER-FUNDED HEALTH INSURANCE TRUST WHICH RECEIVES ITS FUNDING FROM STATE EMPLOYEE PREMIUM CONTRIBUTIONS VIA MONTHLY PAYROLL DEDUCTIONS AND APPROPRIATED RESERVE PAYMENTS FROM PARTICIPATING STATE AGENCIES. SEE 74 O.S. 1310 AND 74 O.S. 1311 (1991). SEEGIB BOARD MEMBERS OCCUPY POSITIONS OF TRUST AND SERVE AS FIDUCIARIES FOR THE EXCLUSIVE PURPOSE OF PROVIDING HEALTH INSURANCE BENEFITS TO THE GROUP PARTICIPANTS AND THEIR DEPENDENTS. SEE 74 O.S. 1305.1 AND 74 O.S. 1305.2 (1991); SEE ALSO MORAN V. DERRYBERRY, 534 P.2D 1282 (OKLA.1975) (OKLAHOMA SUPREME COURT HELD THAT THE FUNDS OF THE STATE INSURANCE FUND WERE NOT STATE FUNDS BECAUSE THE FUNDS WERE TRUST FUNDS HELD FOR THE BENEFIT OF EMPLOYERS AND EMPLOYEES).
IT IS THE OPINION OF THE UNDERSIGNED ATTORNEY THAT THE LANGUAGE CONTAINED IN THE FIRST PART OF THE FIRST SENTENCE OF SECTION 74 O.S. 914(4) BEARS NO APPLICABILITY TO THE SEEGIB BOARD MEMBER AT ISSUE, THUS, IT FOLLOWS THAT PURSUANT TO THE SAME SENTENCE IN SECTION 914(4), THE SEEGIB BOARD MEMBER IS NOT RESTRICTED FROM RECEIVING THE FULL ALLOTMENT OF HIS OPERS RETIREMENT BENEFITS.
THE SECOND PART OF THE FIRST SENTENCE IN 74 O.S. 914(4) CONTAINS EXCLUSIONARY LANGUAGE WHICH LISTS CERTAIN STATE OFFICES OR SERVICES WHICH, IF HELD OR PERFORMED, EXPRESSLY EXEMPT OPERS RETIRANTS FROM COMPLIANCE WITH THE OTHER REQUIREMENTS ENUMERATED IN SECTION 74 O.S. 914(4). IN THE INSTANT CASE, WE KNOW THAT THE SEEGIB BOARD MEMBER AT ISSUE IS NOT SERVING AS A JUROR OR WITNESS IN A LEGAL PROCEEDING. THE FACTS FURTHER INDICATE THAT THE BOARD MEMBER IS NOT SERVING AS AN ELECTION BOARD JUDGE OR CLERK. WE ALSO KNOW THAT SEEGIB QUALIFIES AS A PARTICIPATING EMPLOYER. SEE 74 O.S. 902(14) (1991), WHICH PROVIDES IN PERTINENT PART THAT "ELIGIBLE EMPLOYER" MEANS THE "STATE". HOWEVER, IT MUST BE DETERMINED WHETHER THE SEEGIB BOARD MEMBER FALLS WITHIN THE LEGISLATURE'S INTENDED MEANING OF "OR IN ANY OTHER OFFICE OR POSITION OF A SIMILAR NATURE". THUS, THE SECOND PART OF OUR EXAMINATION OF SECTION 914(4) WILL FOCUS UPON THIS EXCLUSIONARY PHRASE.
THE PHRASE "SIMILAR NATURE" IS NOT DEFINED IN THE OPERS STATUTES NOR HAS IT BEEN DEFINED BY THE OKLAHOMA COURTS. HOWEVER, THE WORD "SIMILAR" IS DEFINED AS "HAVING CHARACTERISTICS IN COMMON". WEBSTER'S NEW COLLEGIATE DICTIONARY 1974 (1981). THE OKLAHOMA SUPREME COURT HAS DEFINED THE WORD "NATURE" AS THE SUMS OR QUALITIES AND ATTRIBUTES WHICH MAKE A THING WHAT IT IS, AS DISTINCT FROM OTHERS. FITCH V. GREEN, 134 P. 34, 38,39 (OKLA.1913). THUS, FOR PURPOSES OF THIS ANALYSIS, IT IS FAIR TO CONCLUDE THAT THE TERM "SIMILAR NATURE" AS USED IN 74 O.S. 914(4), MEANS ANY OTHER OFFICE OR POSITION HAVING THE QUALITIES OR ATTRIBUTES AND COMMON CHARACTERISTICS OF A JUROR, WITNESS, ELECTION BOARD JUDGE OR ELECTION BOARD CLERK.
IN OKLAHOMA, PETIT AND GRAND JURORS ARE SUMMONED FOR DISTRICT COURT DUTY BY THE STATE OF OKLAHOMA THROUGH THE COUNTY COURT CLERK AFTER THEY HAVE BEEN SELECTED FROM A LIST COMPILED BY THE STATE ADMINISTRATIVE DIRECTOR OF THE COURTS. SEE 38 O.S. 18 AND 38 O.S. 23(B) (1991). EACH APPOINTED JUROR MUST TAKE AN OATH OR AFFIRMATION BEFORE ASSUMING DUTY. SEE 38 O.S. 20 AND 38 O.S. 20.1 (1991). FOR HIS OR HER SERVICE, EACH JUROR RECEIVES A DAILY STATUTORY WAGE PLUS REIMBURSEMENT FOR MILEAGE. SEE 28 O.S. 86 (1919). JURY DUTY IS A STATUTORY SERVICE PERFORMED BY OKLAHOMA CITIZEN FOR THE SOVEREIGN WHICH REQUIRES THEM TO TAKE TIME AWAY FROM THEIR JOBS, HOMES AND FAMILIES. SUCH DUTY MAY TAKE ONE DAY, SEVERAL YEARS, OR A DURATION OF TIME SOMEWHERE IN BETWEEN. WHATEVER THE CASE, THE LENGTH OF JURY DUTY IS ALWAYS LIMITED IN DURATION, AND USUALLY CEASES UPON THE TERMINATION OF A CASE, AND ORDER OF THE COURT.
SIMILARLY, WITNESSES MUST BE SUMMONED FOR THEIR APPEARANCE THROUGH SUBPOENAS ISSUED BY A COURT CLERK ON BEHALF OF THE DISTRICT COURT. SEE 12 O.S. 2004.1(A) (1991). SUBPOENAED WITNESSES ARE ALSO REQUIRED TO TAKE AN OATH BEFORE PRESENTING THEIR TESTIMONY. 12 O.S. 2603 (1991). WITNESSES ALSO RECEIVE DAILY STATUTORY COMPENSATION AND REIMBURSEMENT FOR MILEAGE. SEE 28 O.S. 81 (1991). LIKE JURORS, WITNESSES ARE PERFORMING A BENEFICIAL STATUTORY DUTY FOR THE SOVEREIGN. SUCH DUTY ALSO REQUIRES INDIVIDUALS TO TAKE TIME AWAY FROM JOBS, HOMES AND FAMILIES AND MAY LAST FOR AN UNSPECIFIED, ALBEIT, LIMITED PERIOD OF TIME.
OKLAHOMA ELECTION BOARD JUDGES AND CLERKS ARE SELECTED FROM EACH PRECINCT ELECTION BOARD BY THE COUNTY ELECTION BOARD. SEE 26 O.S. 2-124. EACH JUDGE AND CLERK ARE APPOINTED TO FOUR (4) YEAR TERMS AND THEIR DUTIES ARE SET BY STATUTE. ID., ALSO 26 O.S. 2-127 (1991). THE APPOINTED JUDGES AND CLERKS RECEIVE STATUTORY COMPENSATION FOR ALL ELECTIONS HELD DURING THEIR FOUR (4) YEAR TERMS. SEE 26 O.S. 2-124. ELECTION BOARD JUDGES AND CLERKS, AS STATE OFFICERS, ARE REQUIRED TO TAKE AN OATH OF OFFICE BEFORE ENTERING UPON THE DUTIES OF THEIR OFFICE. SEE 51 O.S. 2 (1991). SIMILAR TO A JUROR OR WITNESS, DUTY AS AN ELECTION BOARD JUDGE AND CLERK USUALLY REQUIRES THE INDIVIDUALS INVOLVED TO TAKE TIME AWAY FROM REGULAR JOBS, HOMES AND FAMILIES. SERVICE IS LIMITED EACH YEAR TO THOSE DAYS IN WHICH ELECTIONS TAKE PLACE.
IT IS APPARENT THAT THE QUALITIES OR ATTRIBUTES AND COMMON CHARACTERISTICS OF THE FOUR LISTED OFFICES/POSITIONS IN SECTION 914(4) ARE THAT EACH ONE GENERALLY REQUIRES AN INDIVIDUAL TO BE APPOINTED, ENLISTED OR SELECTED BY THE SOVEREIGN FOR A SPECIFIC STATUTORY DUTY WHICH BENEFITS THE STATE OF OKLAHOMA. TO PERFORM THE DUTY, AN INDIVIDUAL IS REQUIRED TO TAKE TIME AWAY FROM HIS OR HER REGULAR OCCUPATION, HOME OR FAMILY. THE APPOINTED INDIVIDUAL IS ALSO REQUIRED TO TAKE AN OATH BEFORE COMMENCING HIS OR HER DUTY AND SERVICE IS LINKED TO A DEFINITE LIMITED TERM OR EVENT WITH COMPENSATION ESTABLISHED BY STATUTE.
LIKE THE FOUR POSITIONS/OFFICES DESCRIBED ABOVE, SEEGIB BOARD MEMBERS ARE SELECTED OR APPOINTED FOR SERVICE BY THE SOVEREIGN BEFORE ATTAINING OFFICE. SEE 74 O.S. 1304(1) (1991). SIMILAR TO PRECINCT JUDGE AND CLERKS, BOARD MEMBERS SERVE A STATUTORY TERM OF OFFICE OF FOUR (4) YEARS WHICH IS COTERMINOUS WITH THE TERM OF OFFICE OF THE APPOINTING AUTHORITY. SEE 74 O.S. 1304(2) (1993). LIKE JURORS, WITNESSES, ELECTION BOARD JUDGE AND ELECTION BOARD CLERKS, COMPENSATION FOR SEEGIB BOARD MEMBERS IS SET BY STATUTE AND IS PAYABLE ONLY UPON THE PERFORMANCE OF THEIR PRIMARY STATUTORY DUTY, TO ATTEND AND PARTICIPATE IN SEEGIB'S MONTHLY BOARD MEETING. SEE 74 O.S. 1304(1) (1993). ALSO, AS STATE OFFICERS, SEEGIB BOARD MEMBERS ARE REQUIRED TO TAKE AN OATH OF OFFICE BEFORE ENTERING UPON THE DUTIES OF THEIR OFFICE. 51 O.S. 2 (1991). A SEEGIB BOARD MEMBER, LIKE JURORS, WITNESSES AND ELECTION BOARD JUDGES AND CLERKS, PERFORMS A DUTY IN WHICH HE OR SHE BENEFICIALLY SERVES THE SOVEREIGN IN A CAPACITY ASIDE FROM HIS OR HER REGULAR JOB, HOME AND FAMILY. AS WITH THE OTHER ENUMERATED OFFICES OR POSITIONS LISTED IN 74 O.S. 914(4), A SEEGIB BOARD MEMBER ALSO SERVES HIS OR HER DUTY ON A LIMITED TIME BASIS, PRIMARILY ONE DAY PER MONTH TO ATTEND THE MONTHLY SEEGIB BOARD MEETINGS.
BASED UPON THE FOREGOING ANALYSIS, IT IS EVIDENT THAT JURORS, WITNESSES, ELECTION BOARD JUDGES, ELECTION BOARD CLERKS AND SEEGIB BOARD MEMBERS SHARE SEVERAL COMMON QUALITIES, ATTRIBUTE AND CHARACTERISTICS. IT IS THE OPINION OF THE UNDERSIGNED ATTORNEY THAT A STATE RETIRANT WHO HAS BEEN APPOINTED TO SERVE ON THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD OCCUPIES AN "OTHER OFFICE OR POSITION OF A SIMILAR NATURE TO THOSE ENUMERATED WITHIN THE SECOND PART OF THE FIRST SENTENCE OF 74 O.S. 914(4). THUS, IT IS MY BELIEF THAT A STATE RETIRANT WHO HAS BEEN APPOINTED TO SERVE ON THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD IS EXPRESSLY EXEMPTED FROM COMPLYING WITH ANY OTHER REQUIREMENTS ENUMERATED IN SECTION 914(4). THIS INCLUDES COMPLIANCE WITH THE LANGUAGE IN THE SECOND PART OF THE SECOND SENTENCE OF SECTION 914(4) WHICH MANDATES THAT "ANY RETIRANT RETURNING TO WORK FOR A PARTICIPATING EMPLOYER SHALL MAKE CONTRIBUTIONS TO THE SYSTEM AND THE EMPLOYER SHALL DO LIKEWISE".
II.
YOUR SECOND QUESTION ESSENTIALLY ASKS WHETHER OPERS IS REQUIRED TO ISSUE AN AMENDED OR REVISED INTERNAL REVENUE SERVICE FORM 1099 TO THE SEEGIB BOARD MEMBER AT ISSUE FOR EACH YEAR IN WHICH HE WAS ERRONEOUSLY REQUIRED TO MAKE CONTRIBUTIONS TO OPERS WHILE SERVING AS A BOARD MEMBER OF THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD AS A RETIRANT.
TITLE 74 O.S. 924 (1991) MANDATES THAT THE OPERS BOARD OF TRUSTEES CORRECT ANY ERRORS MADE REGARDING THE RECORDS OF ITS MEMBERS OR BENEFICIARIES. SPECIFICALLY, SECTION 74 O.S. 924 PROVIDES IN PERTINENT PART:
 "SHOULD ANY ERROR IN ANY RECORDS OF THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM RESULT IN ANY MEMBER OR BENEFICIARY RECEIVING MORE OR LESS THAN HE WOULD HAVE BEEN ENTITLED TO RECEIVE HAD THE RECORDS BEEN CORRECT, THE BOARD SHALL CORRECT SUCH ERROR, AND, AS AR AS PRACTICABLE, MAKE FUTURE PAYMENTS IN SUCH MANNER THAT THE ACTUARIAL EQUIVALENT OF THE BENEFIT TO WHICH SUCH EMBER OR BENEFICIARY WAS ENTITLED SHALL BE PAID, AND TO THIS END MAY RECOVER ANY OVERPAYMENTS."
THIS OFFICE HAS PREVIOUSLY OPINED THAT MISTAKES MADE BY EITHER A PUBLIC RETIREMENT SYSTEM OR ITS PARTICIPATING EMPLOYERS WHICH DETRIMENTALLY AFFECT ITS MEMBERS CAN BE CORRECTED PURSUANT TO THE AFOREMENTIONED STATUTORY LANGUAGE AND THE GENERAL COMMON LAW. A.G. OPIN. NO. 64-405 AND A.G. OPIN. NO. 71-207. IN THIS CASE, IT WOULD NATURALLY FOLLOW THAT AN ERROR MADE BY OPERS REGARDING ITS CLASSIFICATION OF THE SEEGIB BOARD MEMBER AT ISSUE AS A RETIRANT REQUIRED TO MAKE CONTRIBUTIONS UNDER 74 O.S. 914(4), MUST BE CORRECTED O AS TO PROPERLY REFLECT THE RETIRANT'S TRUE STATUS. SEE: LETELLIER V. CLELAND AT 437 F.SUPP. 939. IT IS MY BELIEF THAT SECTION 924 WOULD ALSO MANDATE THAT OPERS REFUND ANY ERRONEOUS CONTRIBUTIONS PREVIOUSLY MADE BY THE SEEGIB BOARD MEMBER AND ISSUE ANY AMENDED OR REVISED INTERNAL REVENUE SERVICE FORM S) 1099 AS REQUIRED BY SECTION 6047 OF THE INTERNAL REVENUE CODE.
THEREFORE, IN ANSWER TO YOUR SECOND QUESTION, IT IS THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL THAT 74 O.S. 924 REQUIRES THAT OPERS ISSUE AMENDED OR REVISED INTERNAL REVENUE SERVICE FORM(S) 1099 TO THE SEEGIB BOARD MEMBER AT ISSUE FOR EACH YEAR IN WHICH HE WA ERRONEOUSLY REQUIRED TO MAKE CONTRIBUTION TO OPERS WHILE SERVING AS A BOARD MEMBER OF THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD AS A RETIRANT.
FOR THE ABOVE STATED REASONS, IT IS THE OPINION OF THE UNDERSIGNED COUNSEL, THAT:
 1) AN OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM RETIRANT WHO HAS BEEN APPOINTED TO SERVE ON THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD OCCUPIES AN "OTHER OFFICE OR POSITION OF A SIMILAR NATURE" TO THOSE OFFICES/POSITIONS LISTED WITHIN THE SECOND PART OF THE FIRST SENTENCE OF 74 O.S. 914(4), AND IS EXPRESSLY EXEMPTED FROM COMPLYING WITH THE OTHER REQUIREMENTS ENUMERATED IN SECTION 914(4) INCLUDING MAKING RETIREMENT CONTRIBUTIONS TO THE SYSTEM.
 2) TITLE 74 O.S. 924 (1991) REQUIRES THAT THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM ISSUE AMENDED OR REVISED INTERNAL REVENUE SERVICE FORM(S) 1099 TO THE SEEGIB BOARD MEMBER AT ISSUE FOR EACH YEAR IN WHICH HE WAS ERRONEOUSLY REQUIRED TO MAKE CONTRIBUTIONS TO THE SYSTEM WHILE SERVING AS A BOARD MEMBER OF THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD AS A RETIRANT.
(BARRY K. KOONCE)